# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# BIG STONE GAP DIVISION

| | |
|---|---|
| **KENNETH RAY BRYANT,** | )<br>) |
| Plaintiff, | ) Case No. 2:19CV00040<br>) |
| v. | ) **OPINION AND ORDER**<br>) |
| **ANDREW SAUL, COMMISSIONER OF SOCIAL SECURITY,** | ) By: James P. Jones<br>) United States District Judge<br>) |
| Defendant. | ) |

*Vernon M. Williams,* WOLFE, WILLIAMS, & REYNOLDS, Norton, Virginia, for Plaintiff; *Maija DiDomenico,* Special Assistant United States Attorney, OFFICE OF THE GENERAL COUNSEL, SOCIAL SECURITY ADMINISTRATION, Philadelphia, Pennsylvania, for Defendant.

In this social security disability case, I accept the report and recommendations of the magistrate judge.

Kenneth Ray Bryant challenges the final decision of the Commissioner of Social Security ("Commissioner") denying his claim for disability insurance benefits under certain provisions of the Social Security Act ("Act"). The action was referred to United States Magistrate Judge Pamela Meade Sargent to conduct appropriate proceedings. *See* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b). Magistrate Judge Sargent filed her report on September 30, 2020, in which she recommended that the court affirm the Commissioner's decision denying benefits. On October 7, 2020,

the plaintiff filed written objections to the report. The defendant responded to the objections on October 20, 2020, and the objections are now ripe for decision.

I must make a de novo determination of those portions of the report to which the plaintiff objects. *See* 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b). Under the Act, I must uphold the factual findings and final decision of the Commissioner if they are supported by substantial evidence and were reached through application of the correct legal standard. *See Coffman v. Bowen,* 829 F.2d 514, 517 (4th Cir. 1987). "[T]he threshold for such evidentiary sufficiency is not high." *Biestek v. Berryhill,* 139 S. Ct. 1148, 1154 (2019). Substantial evidence is "evidence which a reasoning mind would accept as sufficient to support a particular conclusion. It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966). If such evidence exists, my inquiry is terminated and the Commissioner's final decision must be affirmed. *See id.*

In his objections, the plaintiff contends that the administrative law judge ("ALJ") "impermissibly used Plaintiff's lack of ability to obtain and maintain treatment against him." Obj. 1, ECF No. 14. However, as pointed out by the Commissioner, the plaintiff was treated by a urologist as well as primary care providers. The magistrate judge found, in response to this argument, that "[t]he

record does not indicate that any medical source recommended any other specialized treatment." R. & R. 13, ECF No. 13.

Based upon my careful consideration of the plaintiff's objections, the record, and the arguments of counsel, I agree with the magistrate judge that substantial evidence supported the ALJ's findings and that the ALJ's decision was in accord with relevant case precedent. Accordingly, it is **ORDERED** as follows:

1. Plaintiff's Objections, ECF No. 14, are DENIED;

2. The magistrate judge's Report and Recommendations, ECF No. 13, are fully ACCEPTED;

3. Plaintiff's Motion for Summary Judgment, ECF No. 9, is DENIED;

4. The Commissioner's Motion for Summary Judgment, ECF No. 11, is GRANTED; and

5. A separate final judgment will be entered herewith.

ENTER: October 26, 2020

/s/ *JAMES P. JONES*
United States District Judge